## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**JOHN CURTIS,**

      **PLAINTIFF,**

**v.**                                 **CIVIL ACTION NO.:** ___3:17-cv-02960___
                                                **(Formerly Civil Action No.: 17-C-170 in**
                                                **Cabell County Circuit Court)**

**HUNTINGTON HEALTH AND**
**REHABILITATION CENTER and**
**SEVENTEENTH STREET ASSOCIATES LLC**
**d/b/a HUNTINGTON HEALTH AND**
**REHABILITATION CENTER,**

      **DEFENDANT.**

### NOTICE OF REMOVAL

      **PLEASE TAKE NOTICE** that Defendant, Seventeenth Street Associates LLC d/b/a Huntington Health and Rehabilitation Center ("Defendant"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal to the United States District Court for the Southern District of West Virginia.  As grounds for removal, Defendant offers the following:

      1.      Defendant was served with Plaintiff's Summons and Complaint through the West Virginia Secretary of State on April 24, 2017.  Copies of the Summons, service of process documents, and the Complaint are collectively attached hereto as Ex. A.

      2.      Thirty days or less have elapsed between the service of Plaintiff's Summons and Complaint and the filing of this Notice of Removal.  Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

3.      This Court is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because the alleged events giving rise to Plaintiff's claims occurred in Huntington, West Virginia.

4.      As set forth in detail below, removal is proper because this case involves an amount in controversy that exceeds $75,000.00 and it involves citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

### A.      <u>Amount In Controversy</u>

5.      Plaintiff's Complaint does not include a prayer for a specific dollar amount.  Ex. A.

6.      When a specific amount of damages is not set forth in a Complaint, courts are supposed to analyze the allegations and severity of alleged damages in order to determine whether or not the amount in controversy exceeds $75,000.00:

> Lacking an expressed statement of the amount claimed, a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal.  Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim.  If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof.

*Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011) (footnote omitted).

7.      The face of Plaintiff's Complaint clearly establishes that the amount in controversy reasonably exceeds $75,000.00.   The Complaint stems from allegations that Defendant, a long term healthcare facility in Huntington, West Virginia, improperly cared for Plaintiff while he was a patient at the facility.  Ex. A.  In sum, Plaintiff alleges that "[a]s a direct and proximate result of the negligence of the defendants . . . plaintiff developed necrotizing fasciitis which required the amputation of his left leg and he was otherwise injured and damaged."  *Id*. at ¶ 4.

8.    While Defendant categorically denies that Plaintiff's claim has any merit, allegations regarding medical negligence and resulting amputation certainly establish that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).[1]  *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that . . . '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." (internal citations omitted)).

**B.    Citizenship of the Parties**

9.    Based on information and belief, Plaintiff is a West Virginia citizen.

10.    Defendant, Seventeenth Street Associates LLC d/b/a Huntington Health and Rehabilitation Center is a limited liability company organized under the laws of West Virginia. As a limited liability company, Seventeenth Street Associates LLC's citizenship is determined by the residency and location of its members.  *See Gen. Tech. Applications, Inc. v. Exro LTDA.*, 388 F.3d 114 (4th Cir. 2004) (holding that a limited liability company is assigned the citizenship of its members for the purpose of determining diversity jurisdiction).   Its sole member is SSC Huntington Operating Company LLC.   SSC Huntington Operating Company LLC's sole member is West Virginia Holdco, LLC.   West Virginia Holdco, LLC's sole member is SSC Equity Holdings MT LLC.   SSC Equity Holdings MT LLC's sole member is Master Tenant Parent Holdco II, LLC.   Master Tenant Parent Holdco, LLC's sole member is SavaSeniorCare, LLC. SavaSeniorCare, LLC's sole member is Proto Equity Holdings, LLC.   Proto Equity Holdings, LLC's sole member is Terpax, Inc.   Terpax, Inc. is a Delaware corporation with a

---

[1] If Plaintiff wishes to stipulate that the alleged damages are capped at $75,000.00, Defendant will happily withdraw its Notice of Removal.

principle place of business in Tennessee.[2]  Therefore, Seventeenth Street Associates LLC is a citizen of Delaware and Tennessee, not West Virginia.

11.     As a result, complete diversity exists among the parties.

12.     Pursuant to L.R. Civ. P. 3.4(b), a copy of the Docket Sheet from Cabell County is attached as Ex. B.

13.     A copy of the Notice of Removal of Action to Federal Court filed in Cabell County is attached as Ex. C.

14.     A copy of the Civil Docket Cover Sheet is attached as Ex. D.

15.     Defendant will file a timely pleading in response to Plaintiff's Complaint pursuant to Rule 81 of the Federal Rules of Civil Procedure.

16.     Defendant's Notice of Removal complies with all provisions of 28 U.S.C. § 1446 governing the process for removal.  As explained above, the amount in controversy exceeds $75,000.00 and the parties are diverse.  Therefore, removal of this civil action from state court to this Court is legally proper.  *See* 28 U.S.C. § 1441(a).

Wherefore, Defendant files this Notice to remove the action now pending in the Circuit Court of Cabell County, West Virginia, Civil Action No.: 17-C-170, to the United States District Court for the Southern District of West Virginia.

Respectfully submitted this 16th day of May, 2017.

**SEVENTEENTH STREET ASSOCIATES LLC d/b/a HUNTINGTON HEALTH AND REHABILITATION CENTER,**

**By Counsel:**

*s/John A. Hess*
Anders W. Lindberg (WVSB # 8876)

---

[2] According to 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."

Anders.Lindberg@steptoe-johnson.com
John A. Hess (WVSB # 10818)
Andy.Hess@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
Chase Center
P.O. Box 2195
1000 Fifth Ave., Suite 250
Huntington, WV  25722-2195
Phone (304) 522-8290
Fax (304) 526-8089

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JOHN CURTIS,

      PLAINTIFF,

v.                                  CIVIL ACTION NO.:  _____
                                      (Formerly Civil Action No.: 17-C-170 in
                                      Cabell County Circuit Court)

HUNTINGTON HEALTH AND
REHABILITATION CENTER and
SEVENTEENTH STREET ASSOCIATES LLC
d/b/a HUNTINGTON HEALTH AND
REHABILITATION CENTER,

      DEFENDANT.

## CERTIFICATE OF SERVICE

      I, undersigned counsel, confirm that I served the foregoing Defendants' **NOTICE OF REMOVAL** by depositing a true copy of the same in the United States mail, postage prepaid on this 16th day of May, 2017, upon the following counsel of record:

                      Larry O. Ford (WVSB #1241)
                      MEYER, FORD & GLASSER, PLLC
                      120 Capitol Street
                      P.O. Box 11090
                      Charleston, WV 25339-1090
                      (304) 345-390

      I also filed the pleading with the Clerk of the Court using the CM/ECF system, which may send notification of such filing to Plaintiff's counsel if they are CM/ECF participants.

                      *s/John A. Hess*_____
                      Anders W. Lindberg (WVSB # 8876)
                      John A. Hess (WVSB # 10818)